UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES CALVIN RODGERS FERGUSON**                                       **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:11CV-P721-H**

**LOUISVILLE METRO CORRECTIONS**                                     **DEFENDANT**

**MEMORANDUM OPINION**

On January 4, 2012, the Clerk of Court issued a deficiency notice to Plaintiff directing him to complete a complaint form, an application to proceed without prepayment of fees, and a summons form for each defendant. The deficiency notice advised Plaintiff that failure to comply within 30 days, without good cause shown, would result in this matter being brought to the attention of the Court. Due to Plaintiff's failure to comply, the Court, on March 1, 2012, ordered Plaintiff to show cause why the instant action should not be dismissed for his noncompliance or, alternatively, to cure each deficiency. The Court warned Plaintiff that his failure to comply with the Order within 21 days would result in dismissal of this civil action. The 21 days have passed without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same

policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

      Because Plaintiff failed to comply with the Clerk's directive and with an Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

      Therefore, by separate Order, the Court will dismiss the instant action.

Date:




cc:     Plaintiff, *pro se*
         Jefferson County Attorney
4412.005